FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 7 2020

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAVETTA STEVESON**                                        **PLAINTIFF**

vs.                              No. 4:20-cv-1357-JM

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**           **DEFENDANT**

This case assigned to District Judge Moody
and to Magistrate Judge Deere

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Lavetta Steveson by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Pulaski County Special School District, she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.* ("PDA"); the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA"); and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") for back pay, compensatory damages, punitive damages and declaratory relief.

### II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 42 U.S.C. § 2000e-2 because this suit raises federal questions under the PDA.

3. This Complaint also alleges violations of the ACRA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this

state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. This Complaint also alleges violations of the ADA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

5. The acts alleged in this Complaint had their principal effect in the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. Plaintiff obtained her Notice of Right to Sue on August 24, 2020. This Complaint is timely.

### III.  THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff is a resident and domiciliary of Pulaski County.

9. Defendant is a public-school entity organized under the laws of the State of Arkansas and is headquartered in Sweet Home. ACA § 6-13-102.

10. Charles McNulty is the Superintendent and is able to accept service for Defendant and is located at 925 East Dixon Road, Little Rock, Arkansas 72206.

## IV. FACTUAL ALLEGATIONS

11.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12.     Plaintiff worked for Defendant as a security from November of 2018 until March 25, 2019.

13.     Plaintiff was qualified for the position she held. Plaintiff received no disciplinary actions or poor performance reviews.

14.     In February, Plaintiff began having medical issues which interfered with her ability to work.

15.     She immediately sought medical attention, learned she was pregnant, and notified Defendant of her condition.

16.     Plaintiff was part of a protected class due to her pregnancy.

17.     Plaintiff engaged in a protected activity by notifying her supervisors of her pregnancy, and informing them of her need for time off.

18.     In follow up appointments, Plaintiff was placed on bed rest.

19.     Plaintiff provided all the doctor's notes to Defendant by texting pictures of the doctor's notes to one of her supervisors.

20.     Plaintiff missed approximately four (4) weeks of work due to pregnancy-related medical issues—though one of those weeks was Spring Break and she would not have been scheduled.

21.     Plaintiff provided doctor's notes for her absences and was updating her supervisors as soon as she had information on when she would be returning to work.

22. Plaintiff believed that Defendant was working with her and accommodating her time off for her short-term pregnancy-related impairment.

23. Plaintiff's physician cleared her to begin work without restrictions at the end of March and Plaintiff began work on March 25.

24. Upon arriving to work, Plaintiff's supervisor told her she was a "liability" due to her pregnancy and terminated her.

25. Plaintiff notified the human resources department of her termination and that her supervisor fired her because of her pregnancy, but the termination was not reversed.

26. On or about August 24, 2020, Plaintiff received her Notice of Right to Sue from the EEOC, after pursuing administrative remedies.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the PDA, the ACRA, and the ADA.

28. Defendant was "employer" within the meanings set forth in the PDA, the ACRA, and the ADA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

29. Defendant employs more than fifteen individuals.

30. All of the acts of Defendant's agents are attributable to Defendant through the doctrine of *respondeat superior* and Defendant's own willful, wanton and/or intentional failure to make a proper effort to prevent the discrimination of Plaintiff, despite its legal duty to do so.

31. By the reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for back pay, front pay, compensatory damages, punitive damages, and

costs, including reasonable attorneys' fees, for wrongful termination in violation of the PDA, the ACRA, and the ADA.

## V. FIRST CAUSE OF ACTION – PDA

32. Plaintiff repeats and re-alleges all previous paragraphs of her Complaint as though fully incorporated in this section.

33. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("PDA").

34. At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of the PDA.

35. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment due to Plaintiff's pregnancy.

36. Plaintiff was qualified for the position she held. Plaintiff received no disciplinary actions or poor performance reviews.

37. Plaintiff was part of a protected class due to her pregnancy.

38. Plaintiff engaged in a protected activity by notifying her supervisors of her pregnancy, and informing them of her need for time off.

39. Plaintiff provided doctor's notes for her absences and was updating her supervisors as soon as she had information on when she would be returning to work.

40. Plaintiff was cleared to return to work with no restrictions and Plaintiff returned to work on March 25.

41. Upon arriving at work, Plaintiff discussed her previous medical issues related to her pregnancy with her supervisor and her supervisor terminated her on

the spot, stating that she was a "liability."

42. Defendant violated the PDA for terminating Plaintiff because she was pregnant or had medical conditions related to her pregnancy.

43. The unlawful treatment caused Plaintiff financial loss and harm.

44. As a result of Defendant's unlawful discrimination, Plaintiff seeks front pay, back pay, compensatory damages, punitive damages, and attorney's fees and costs.

## VI.   SECOND CAUSE OF ACTION – ACRA

45. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiff brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA").

47. At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of the ACRA.

48. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment due to Plaintiff's pregnancy.

49. Plaintiff was qualified for the position she held. Plaintiff received no disciplinary actions or poor performance reviews.

50. Plaintiff was part of a protected class due to her pregnancy.

51. Plaintiff engaged in a protected activity by notifying her supervisors of her pregnancy, and informing them of her need for time off.

52. Plaintiff provided doctor's notes for her absences and was updating her supervisors as soon as she had information on when she would be returning

to work.

53. Plaintiff was cleared to return to work with no restrictions and Plaintiff returned to work on March 25.

54. Upon arriving at work, Plaintiff discussed her previous medical issues related to her pregnancy with her supervisor and her supervisor terminated her on the spot, stating that she was a "liability."

55. Defendant violated the ACRA for terminating Plaintiff because she was pregnant or had medical conditions related to her pregnancy.

56. The unlawful treatment caused Plaintiff financial loss and harm.

57. As a result of Defendant's unlawful discrimination, Plaintiff seeks front pay, back pay, compensatory damages, punitive damages, and attorney's fees and costs.

## VII.   THIRD CAUSE OF ACTION – ADA

58. Plaintiff repeats and re-alleges all previous paragraphs of her Complaint as though fully incorporated in this section.

59. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("ADA").

60. At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e.

61. At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of the PDA.

62. Defendant discriminated against Plaintiff with respect to the terms,

conditions and privileges of employment due to Plaintiff's pregnancy.

63.  Plaintiff was qualified for the position she held. Plaintiff received no disciplinary actions or poor performance reviews.

64.  Plaintiff was part of a protected class due to her pregnancy.

65.  Plaintiff engaged in a protected activity by notifying her supervisors of her pregnancy, and informing them of her need for time off.

66.  Plaintiff provided doctor's notes for her absences and was updating her supervisors as soon as she had information on when she would be returning to work.

67.  Defendant failed to engage in the interactive process required by the ADA.

68.  Plaintiff was cleared to return to work with no restrictions and Plaintiff returned to work on March 25.

69.  Upon arriving at work, Plaintiff discussed her previous medical issues related to her pregnancy with her supervisor and her supervisor terminated her on the spot, stating that she was a "liability."

70.  Defendant violated the ADA for terminating Plaintiff because she was pregnant or had medical conditions related to her pregnancy.

71.  The unlawful treatment caused Plaintiff financial loss and harm.

72.  As a result of Defendant's unlawful discrimination, Plaintiff seeks front pay, back pay, compensatory damages, punitive damages, and attorney's fees and costs.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lavetta Steveson respectfully prays as follows:

A.    That Defendant be summoned to appear and answer this Complaint;

B.    A declaratory judgment that Defendant's practices alleged herein violated the PDA;

C.    For an order entering judgment in Plaintiff's favor against Defendant for back wages and compensatory damages for Defendant's violations of the PDA;

D.    For an order entering judgment in Plaintiff's favor against Defendant for punitive damages for Defendant's violations of the PDA;

E.    A declaratory judgment that Defendant's practices alleged herein violated the ACRA;

F.    For an order entering judgment in Plaintiff's favor against Defendant for back pay and compensatory damages for Defendant's violations of the ACRA;

G.    For an order entering judgment in Plaintiff's favor against Defendant for punitive damages for Defendant's violations of the ACRA;

H.    A declaratory judgment that Defendant's practices alleged herein violated the ADA;

I.    For an order entering judgment in Plaintiff's favor against Defendant for back wages and compensatory damages for Defendant's violations of the ADA;

J.    For an order entering judgment in Plaintiff's favor against Defendant for punitive damages for Defendant's violations of the ADA;

K.  For a reasonable attorneys' fee, costs, and pre-judgment interest;

and

J.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LAVETTA STEVESON**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

_____
April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com