IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAVETTA STEVESON**                                                                                 **PLAINTIFF**

vs.                                              No. 4:20-cv-1357-JM

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**               **DEFENDANT**

### RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Lavetta Steveson ("Plaintiff"), by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, hereby submits her Response to Statement of Undisputed Material Facts, and states as follows:

1. This is an employment discrimination case where Plaintiff alleges she was terminated on the basis of her sex (pregnancy), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), which includes pregnancy as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-101.   *See* Compl., ECF Doc. No. 1 at 5-6.

**RESPONSE NO. 1:** Admitted.

2. Plaintiff filed the operative Charge of Discrimination with the Equal Employment Opportunity Commission on June 12, 2019, and filed her Complaint on November 17, 2020.   *See* EEOC Charge of Discrimination, attached to District's Motion as <u>Exhibit 1</u>.

**RESPONSE NO. 2:** Admitted.

3.      Plaintiff began working for the District on September 12, 2018, as a temporary security officer in the District's Security Department.  *See* Support Staff Personnel Recommendation Form for Temporary Security Guard, attached to District's Motion as Exhibit 2.

**RESPONSE NO. 3:** Denied as written. Plaintiff admits that the technical title of the position to which she was hired on September 12, 2018, was a "temporary" security guard, but specifically denies any implication that her "temporary" status meant that she was not hired to work for Defendant on an indefinite basis. Defendant uses the term "temporary" to describe employees who are at-will, non-contract employees who are hired on an as needed basis. Dep. of Shawn Burgess ("Dep. Burgess") 30:2–8, attached as Ex. 2. *See also*, Defendant's Statement of Undisputed Fact ¶ 5, ECF No. 12. Some of these employees are hired for a discreet amount of time, such as substitute teachers filling in for teachers on extended leave, and some are hired indefinitely with the understanding that they will no longer report to work if the need for someone in that position is eliminated. Dep. Burgess 47:8–25. Plaintiff's position was the former—she was hired as a "temporary" security officer with the understanding that she would provide security services to Defendant's schools indefinitely. Decl. of Lavetta Steveson ("Decl. Steveson") ¶ 5, attached as Ex. 1.

4.      Plaintiff worked for PCSSD for approximately six months: from September 12, 2018, until her last date of work, February 25, 2019.  *See* Note from PCSSD HR Department, attached to District's Motion as Exhibit 3.

**RESPONSE NO. 4:** Denied. Plaintiff denies that her last day of employment was February 25, 2019. Due to a medical emergency, Plaintiff was admitted to the hospital on

the evening of February 25, 2019. Decl. Steveson ¶ 10. Plaintiff was hospitalized briefly and was released on ordered bedrest with the understanding that she needed to be evaluated by her primary OB/GYN to confirm the diagnosis and receive follow-up treatments. *Id.* At the first opportunity, Plaintiff contacted her direct supervisor, Thomas Ward ("Mr. Ward"), and informed him that she was hospitalized and would not be able to work until she had seen her doctor but hoped to return to work on March 4. *Id. see also* Feb. 28, 2019, Text Message (informing Tracy Bunting ("Ms. Bunting") that she would send pictures of a doctor's note "if I get to leave at vincient [sic]," to which Ms. Bunting replied "Ok".), attached as Ex. 3. On March 4, 2019, Plaintiff received a doctor's note that instructed her to remain on bedrest until March 11. Decl. Steveson ¶ 11. Plaintiff immediately sent this note to Ms. Bunting, who never replied or otherwise acknowledged receipt of the text. *Id.* at ¶ 11; Mar. 4, 2019 Text Message, attached as Ex. 4.

Plaintiff's bedrest was extended two more times, and each time Plaintiff provided her supervisors with a doctor's note explaining that she was unable to work. Decl. Steveson ¶ 11. After the bedrest extension through March 14, Dave Thomas ("Mr. Thomas"), who is one PCSSD's two supervisors of its security department, informed Plaintiff that she would be replaced if she could not return to work. *Id.* at ¶ 12. The following week was Spring Break and Plaintiff's services were not needed. *Id.* Plaintiff's final doctor's note extended her bedrest to March 25, 2019, the Monday following Spring Break. *Id.* That morning, Plaintiff texted both Mr. Thomas and Mr. Thomas's secretary to ask if she had been replaced, but she did not receive an answer. *Id.* at ¶ 13. Ultimately, Plaintiff went to work as usual, but upon arrival was informed by Mr. Thomas that her services were no longer needed because her pregnancy made her a "liability" in the

security department. *Id.* at ¶ 14. Therefore, Plaintiff's last day of employment with Defendant was March 25, 2019.

5. As a temporary employee, Plaintiff only received pay for hours worked, with no benefits provided or permanent position; she was "at will" and only worked when needed. *See* Deposition of PCSSD Corporate Representative, Shawn Burgess, pp. 30, 46-48, attached to Defendant's Motion as Exhibit 4.

**RESPONSE NO. 5:** Admitted in part. Plaintiff admits that she only received pay for her hours worked and did not receive benefits. Plaintiff specifically denies any implication that her "temporary" status meant that she was not hired to work for Defendant on an indefinite basis. Defendant uses the term "temporary" to describe employees who are at-will, non-contract employees who are hired on an as needed basis. Dep. Burgess 30:2–8. *See also*, Defendant's Statement of Undisputed Fact ¶ 5, ECF No. 12. Some of these employees are hired for a discreet amount of time, such as substitute teachers filling in for teachers on extended leave, and some are hired indefinitely with the understanding that they will no longer report to work if the need for someone in that position is eliminated. Dep. Burgess 47:8–25. Plaintiff's position was the former—she was hired as a "temporary" security officer with the understanding that she would provide security services to Defendant's schools indefinitely. Decl. Steveson ¶ 5, attached as Ex. 1.

6. Plaintiff was never terminated from PCSSD, but stopped coming to work after February 25, 2019, and thereafter her temporary services were no longer needed. *See* Ex. 4, PCSSD Corporate Rep Depo, at pp. 46-47 and 50 and Affidavit of Shawn Burgess, attached to the District's Motion as Exhibit 5.

**RESPONSE NO. 6:** Denied. Plaintiff was hospitalized on February 25, 2019, and immediately informed Mr. Ward that she would not be able to work until her follow-up appointment with her OB/GYN. Decl. Steveson ¶ 10. Plaintiff duly provided her doctor's notes ordering bedrest to keep her supervisors abreast of her situation. *Id.* at ¶ 10–12. When Plaintiff had been cleared to return to work, she asked if her position was still available but did not receive a response. *Id.* at ¶ 13. When she arrived at work, Mr. Thomas terminated her employment because her pregnancy made her a "liability" in the security department. *Id.* at ¶ 14. At no time during her time of bedrest, in which Plaintiff remained in regular communication with her supervisors, did any of Defendant's agents inform Plaintiff that she was "considered no longer employed" due to her absence. Plaintiff was very specifically terminated from her position by Mr. Thomas, and she was terminated because of her protected status.

7.   On February 25, 2019, Plaintiff began missing work without prior notification to PCSSD.  *See* Ex. 5 at ¶ 4.

**RESPONSE NO. 7:** Denied. On February 25, 2019, Plaintiff informed Mr. Ward that she was hospitalized and would not be able to work until she had seen her doctor but hoped to return to work on March 4. Decl. Steveson ¶ 10; *see also* Feb. 28, 2019, Text Message. On March 4, 2019, Plaintiff received a doctor's note that instructed her to remain on bedrest until March 11, which Plaintiff immediately sent to Ms. Bunting, who never replied or otherwise acknowledged receipt of the text. *Id.* at ¶ 11; Mar. 4, 2019, Text Message. Plaintiff provided her supervisors with a doctor's note each time that her bedrest was extended. Decl. Steveson ¶ 11. At no time during her time of bedrest, in which Plaintiff remained in regular communication with her supervisors, did any of

Defendant's agents inform Plaintiff that she was "considered no longer employed" due to her absence.

8.  Plaintiff did not work any hours after February 25, 2019.  *Id.* at ¶ 6 and Plaintiff's Time Records, attached as Exhibit 6 to the District's Motion.

**RESPONSE NO. 8:** Admitted.

9.  PCSSD did not hear from Plaintiff until March 4, 2019, a full week (five workdays) from the last day she had reported to work, when Plaintiff sent her direct supervisor, Tracy Bunting, a text message with a doctor's note included.  *See* Text Message Exchanges between Plaintiff and Bunting, produced in discovery by Plaintiff, attached to the District's Motion as Exhibit 7.

**RESPONSE NO. 9:** Denied. On the day she was hospitalized, Plaintiff informed Mr. Ward that she was hospitalized and would not be able to work until she had seen her doctor but hoped to return to work on March 4. Decl. Steveson ¶ 10; *see also* Feb. 28, 2019, Text Message.

10.  These text messages were the first contact Plaintiff made with PCSSD after her extended "no-call/no-show."  *See* Ex. 5 at ¶ 4.

**RESPONSE NO. 10:** Denied. On the day she was hospitalized, Plaintiff informed Mr. Ward that she was hospitalized and would not be able to work until she had seen her doctor but hoped to return to work on March 4. Decl. Steveson ¶ 10; *see also* Feb. 28, 2019, Text Message.

11.  Plaintiff's doctor's note stated that she was on "complete bedrest" from March 4, 2019 until her next appointment on March 11, 2019; at her March 11th

appointment, her "complete bedrest" was extended until March 18, 2019.  *See* Plaintiff's Medical Notes, attached to the District's Motion as Exhibit 8.

**RESPONSE NO. 11:** Admitted.

12.  By the time Plaintiff provided medical documentation to PCSSD, it had already considered Plaintiff to have quit her job when she did not appear for work or otherwise provide a reason or notice for her nonappearance the week prior.  *See* Ex. 5 (affidavit) and Ex. 3.

**RESPONSE NO. 12:** Objection. This is a legal conclusion disguised as a statement of fact. Plaintiff cannot admit or deny Defendant's thought processes or considerations regarding Plaintiff's absence from her position, nor are those considerations or processes relevant to whether Defendant unlawfully terminated Plaintiff's employment due to her protected status.

Subject to the objection, denied. On February 25, 2019, Plaintiff informed Mr. Ward that she was hospitalized and would not be able to work until she had seen her doctor but hoped to return to work on March 4. Decl. Steveson ¶ 10; *see also* Feb. 28, 2019, Text Message. On March 4, 2019, Plaintiff received a doctor's note that instructed her to remain on bedrest until March 11, which Plaintiff immediately sent to Ms. Bunting, who never replied or otherwise acknowledged receipt of the text. *Id.* at ¶ 11; Mar. 4, 2019, Text Message. Plaintiff provided her supervisors with a doctor's note each time that her bedrest was extended. Decl. Steveson ¶ 11. Upon receipt of this documentation, neither Mr. Ward, Ms. Bunting, or Mr. Thomas not informed Plaintiff that Defendant had considered her to have "quit" due to her nonappearance, nor did anyone instruct Plaintiff that her job was no longer available. *See id.* at ¶ 11–13. Regardless of Defendant's

"considerations" of whether Plaintiff had quit her job, Defendant acted as if Plaintiff would still have a position when she was cleared from bedrest.

13. To date, Plaintiff is not on any "no hire" list at PCSSD and is eligible for rehire if a temporary position becomes available. *Id.* at ¶ 7.

**RESPONSE NO. 13:** Admitted.

14. The District adamantly denies that Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964, or the Americans with Disabilities Act of 1990.

**RESPONSE NO. 14:** Objection. This is not a statement of fact but rather an irrelevant, conclusory statement supporting Defendant's legal argument. Plaintiff cannot admit or deny Defendant's adamancy in denying its own intentions, nor is Defendant's frame of mind with respect to its denial relevant to whether Defendant unlawfully terminated Plaintiff's employment due to her protected status. Therefore denied.

Respectfully submitted,

**PLAINTIFF LAVETTA STEVESON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com